**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4043**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellant,

        versus

WALTEZ JEMEL LATHAM, a/k/a Taz,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:06-cr-00207-TLW-2)

———————

Submitted:  August 15, 2007        Decided:  August 27, 2007

———————

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  Arthur Bradley Parham, OFFICE OF
THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Waltez Jemel Latham pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute and to distribute cocaine base and cocaine ("Count 1"), as well as one count of possession of a firearm during and in relation to a drug trafficking crime ("Count 6"), in violation of 18 U.S.C. § 924(c)(1)(A); 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B); 846 (2000). Latham was sentenced by the district court to a total term of 180 months' imprisonment. Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal, but questioning whether the district court fully complied with the requirements of Fed. R. Crim. P. 11 as well as whether the sentence is reasonable. Latham filed a pro se supplemental brief, asserting his counsel provided ineffective assistance. The Government elected not to file a responsive brief.

Because Latham did not seek to withdraw his guilty plea in the district court, any alleged Rule 11 error is reviewed by this court for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To establish plain error, Latham must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. White, 405

- 2 -

F.3d 208, 215 (4th Cir. 2005). We have reviewed the record and conclude the court committed no reversible error.

Latham next contends that his sentence is unreasonable. The district court appropriately treated the Guidelines as advisory, properly calculated and considered the advisory guideline range, and weighed the relevant 18 U.S.C. § 3553(a) (2000) factors. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). As Latham was subject to a statutory minimum of ten years for Count 1, see 21 U.S.C. § 841(b)(1)(A), and a mandatory consecutive five year term for Count 6, see 18 U.S.C. § 924 (c)(1)(A), the court properly determined that the statutory provisions, which exceeded the advisory guideline range, controlled. Thus, Latham's 180-month sentence, which is the minimum required by statute, is reasonable.

Finally, Latham contends his counsel was ineffective for failing to properly research his case. An ineffective assistance of counsel claim is generally not cognizable on direct appeal, but should instead be asserted in a post-conviction motion under 28 U.S.C. § 2255 (2000). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). However, we have recognized an exception to the general rule when "it 'conclusively appears' from the record that defense counsel did not provide effective representation." Id. (quoting United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994)). Because the record does not conclusively establish

that counsel was ineffective, we conclude Latham's claim is not cognizable on appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. We deny Latham's motion for appointment of new counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>